# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-319


**BRENDA WILLIAMS**

**VERSUS**

**STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF SOCIAL SERVICES**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 02, DOCKET NO. 08-5427
HONORABLE JAMES BRADDOCK, PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**AFFIRMED**.

**Eugene A. Ledet, Jr.**
**Dalrymple & Ledet, LLC**
**1450 Dorchester Dr.**
**Alexandria, LA 71315**
**(318) 442-1818**
**COUNSEL FOR CLAIMANT/APPELLEE:**
        **Brenda Williams**


**James D. "Buddy" Caldwell, Attorney General**
**Victoria R. Murray, Assistant Attorney General**
**429 Murray Street, 4ᵗʰ Floor**
**P.O. Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **State of Louisiana, Department of Social Services**

**COOKS, Judge.**

In the summer of 2005, the plaintiff, Brenda Williams, was employed by the State of Louisiana, Department of Social Services. Her duties involved driving clients to various locations for medical appointments. Experiencing an influx of evacuees in the central Louisiana area in September of 2005 as a result of Hurricane Katrina, the State restricted Plaintiff to driving clients who needed various services.

As a result of the constant driving, Plaintiff, who was a type II diabetic, developed a callous on the bottom of her right foot. The callous eventually ruptured, requiring medical treatment. Plaintiff continued working while undergoing treatment. In July of 2006, Plaintiff's problems forced her to undergo an amputation of one of the toes on her right foot. Due to vascular damage caused by her diabetic condition, she remained unhealed at the situs of the amputation and suffered severe pain as a consequence.

Following the amputation, she was not able to return to work and began receiving indemnity benefits. She was eventually released to return to work on October 6, 2006 with a notation in her medical record that the wound had healed. Plaintiff maintained she continued to have problems associated with her right foot and also developed a blister under her left big toe. Ultimately, Plaintiff's injuries and subsequent infections resulted in the amputation of her left forefoot on November 20, 2009. Plaintiff contended the problems with her left foot were caused by the original right foot injury which occurred in September of 2005. Specifically she asserted the left foot injuries resulted from changes in weight distribution which were necessitated by her right foot injuries.

Indemnity benefits were paid through October 6, 2006. Dr. Paul Sunderhaus, her treating physician, limited Plaintiff to sedentary duty as a result of the problems with both feet. Plaintiff maintained she was unable to return to work

due to the medical problems and resulting treatment associated primarily with her left foot.

On June 11, 2008, Plaintiff filed a claim with the Office of Workers' Compensation seeking payment for indemnity benefits and reimbursement for antibiotic medications prescribed by Dr. Sunderhaus. Penalties and attorney fees were also requested for the Defendant's arbitrary refusal to pay benefits and reimburse medical expenses. The listed area of injury on the claim was Plaintiff's right foot. On April 3, 2009, Plaintiff filed a motion to amend her claim, asserting she was owed benefits and medical expenses associated with the amputation of a portion of her left foot with continuing chronic infection of lesions to the left foot caused by her job-related efforts of driving and unloading patients from her vehicle.

The employer contended Plaintiff was fully recovered from the right foot condition, and that the left foot condition was not causally related to any job incident or any complications from the job incident. The employer also alleged Plaintiff's right foot claim was prescribed within the one year period provided in La.R.S. 23:1209 for filing a claim for temporary total disability benefits. Finding the claim fell within an exception to the one-year prescriptive period, in this case where the claim was filed within three years from the last payment of benefits, the OWC denied the exception of prescription. The OWC also found Plaintiff established by a preponderance of the evidence that she was entitled to receive supplemental earnings benefits (SEB) as the State presented no showing that there was a job available within her physical restrictions. We also note the prescriptive period for filing a claim for SEB is three years. The OWC also found Plaintiff established through the deposition of Dr. Sunderhaus that she was entitled to have the State pay for the continuing prescriptions of antibiotic medications. Lastly, the OWC awarded Plaintiff a $2,000.00 penalty for the failure to reinstate indemnity

2

benefits, a $2,000.00 penalty for the failure to pay for the antibiotic medications, and $6,500.00 in attorney fees.

The State appealed the judgment, contending the OWC erred in awarding supplemental earnings benefits, denying the exception of prescription, and in awarding penalties and attorney fees to Plaintiff. For the following reasons, we affirm.

## I.   *Standard of Review.*

In workers' compensation cases, the factual findings of the trial court are subject to the manifest error standard of review. *Smith v. Louisiana Dep't of Corrections*, 93-1305 (La.2/28/94), 633 So.2d 129; *Lebert v. McNeese State Univ.*, 05-856 (La.App. 3 Cir. 2/1/06), 932 So.2d 678. In applying that standard, we must determine not whether the trier of fact's conclusion was right or wrong, but whether it was reasonable. *Freeman v. Poulan/Weed Eater*, 93-1530 (La.1/14/94), 630 So.2d 733; *Stobart v. State*, 617 So.2d 880 (La.1993). "Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous." *Stobart*, 617 So.2d at 882.

## A.   *Award of SEB.*

Supplemental earnings benefits are awarded when a work-related injury prevents the injured worker from earning ninety percent of his pre-injury wages. La.R.S. 23:1221(3). According to our supreme court, "[t]he purpose of SEBs is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident." *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556 (quoting *Pinkins v. Cardinal Wholesale Supply, Inc.*, 619 So.2d 52, 55 (La.1993)).

In this assignment of error, the State argues in brief that the award of SEB was improper because Plaintiff had not been released to work and that Dr. Sunderhaus was of the opinion she was permanently and totally disabled. This

3

argument is completely in opposition to the position advanced by the State below. The State did not argue that Plaintiff was permanently and totally diabled, but instead referenced Dr. Sunderhaus' deposition testimony that she was capable of sedentary employment. The State argued the following in its post-trial memorandum:

> Finally, [Dr. Sunderhaus] testified that Ms. Williams is unable to engage in anything but sedentary employment because of the need that she not put pressure on her feet and that the limitation stems from her underlying diabetic and Charcot-degeneration symptoms that would occur even though she has not worked in over a year.
>
> Ms. Williams has failed to meet her burden of proof that she is entitled to continued medical benefits in this case; her claim for indemnity benefits has prescribed or alternatively, **she has failed to prove that she is disabled from working as a result of any work-related injury.** (Emphasis added.)

Despite its argument below that Plaintiff failed to prove she was disabled from working, the State now, in an apparent change in position to avoid the OWC's award of SEB, now argues Plaintiff is permanently and totally disabled.

The testimony of Dr. Sunderhaus clearly establishes that Plaintiff was not declared permanently and totally disabled, but was restricted to sedentary duty. When asked whether Plaintiff was permanently and totally disabled, Dr. Sunderhaus stated "[r]eally, she can do sedentary employment." In conjunction with the State's failure to produce any evidence of an available job within her physical restrictions, the OWC did not err in finding Plaintiff was entitled to SEB.

## B.   Exception of Prescription.

The State claimed that Plaintiff was employed at the time of the filing of her 1008 claim, suggesting that no indemnity payments were owed. As Plaintiff pointed out below, the State did not file an Exception of Prematurity, nor did its answer contain an objection of prematurity. The record establishes that Plaintiff received indemnity benefits for a period stretching from July, 2006 through September 29, 2006.

4

La.R.S. 23:1209(A) sets out the applicable prescriptive period, as follows:

In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) *this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).* Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis added.)

Under the above exception in La.R.S. 23:1209, Plaintiff's claim was not barred until three years from the date of the last payment of benefits (September 29, 2006). Both the original claim, filed on June 11, 2008, and the amended claim, filed on April 3, 2009, are well within the three year period set forth in La.R.S. 23:1209. Further, the OWC found Plaintiff was entitled to SEB rather than TTD benefits. The prescriptive period applicable to a claim for supplemental earnings benefits is three years. The OWC properly denied the State's Exception of Prescription.

## C.    *Penalties and Attorney Fees.*

Lastly, the State contends the OWC erred in awarding penalties and attorney fees to Plaintiff. Pursuant to La.R.S. 23:1201(F), an employer who fails to commence payment of indemnity benefits or to pay medical benefits timely shall be subject to penalties and attorney fees unless the employer reasonably controverts the employee's claim. *LeJeune v. Bell Tower Corp.*, 08-2827 (La.App. 3 Cir. 4/7/10), 34 So.3d 464. The determination of whether an employer should be cast with penalties and attorney fees is a question of fact. Accordingly, the OWC's award of penalties and attorney fees will not be reversed absent manifest

error.  *Maddox v. Texas Gas Transmission Corp.*, 07-906 (La.App. 3 Cir. 12/05/07), 971 So.2d 541, *writ denied*, 08-64 (La.3/7/08), 977 So.2d 911.

In this case, the OWC, specifically noting the employer's continuing duty to gather all pertinent medical information during its investigation of a claim, found any doubt as to Plaintiff's entitlement to benefits and medical care was cleared up by Dr. Sunderhaus' May 12, 2010 deposition.  The OWC stated as follows:

> Dr. Sunderhaus cleared up the confusion in the letters addressed to Mr. Dalrymple and the letters addressed that – received by the State with respect to the right foot condition, that it should have been clear to the State that Ms. Williams had an ongoing disability problem associated with – her right foot, and the incident occurred in September of 2005, such that the State should have re-instituted the payment of indemnity benefits to Ms. Williams, as well as paying for outstanding medical expenses associated with any antibiotic medications prescribed by Dr. Sunderhaus. . . .

Thus, we find no manifest error in the OWC's imposition of penalties and attorney's fees and affirm the ruling in that respect.

### DECREE

For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed.  All costs of this appeal are assessed to appellant, the State of Louisiana, through the Department of Social Services.

**AFFIRMED.**

6